JULIO BURGOS, Petitioner and Appellant, *v.* ANDRÉS LUGO, Warden of the District Jail, Respondent and Appellee.

No. 3552. Argued May 7, 1928.—Decided May 28, 1928.

*Celestino Iriarte Jr.* and *Leopoldo Figueroa* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Julio Burgos was imprisoned by order of the district attorney of San Juan on a charge of murder. He asked to be released on bail until he should be called for trial. His petition was denied and then he instituted this *habeas corpus* proceeding.

The writ was issued and the following proceedings took place before the district judge.

The district attorney took the witness-stand and testified as follows:

"District attorney.—My name is Marcelino Romani; I am the district attorney of this court for the judicial district of San Juan and have filled that office since long before the month of February, 1928. About February 16, 1928, in Santurce I learned that the petitioner herein, Julio Burgos Vazquez, had seriously wounded Cruz Pagan and Ricardo Salgado, and I proceeded immediately to make an investigation of the facts. Judge.—To which case does the *habeas corpus* proceeding refer?— D. A.—To the case of murder on the matter of bail.— I proceeded to make an investigation of the facts. Cruz Pagan died 4 or 5 days later as a consequence of the bullet wounds which he received, and I then immediately ordered the imprisonment of the accused Julio Burgos Vazquez, the petitioner herein, for the crime of murder and refused to allow bail for his temporary liberty because in my opinion I had probable cause for believing the petitioner to be guilty of murder in the first degree. In support of my order of imprisonment I submit first to the court

an affidavit made before me by Dr. Julio Palmieri to the effect that Cruz Pagan received two bullet wounds from which he died.—Defense.—No objection. Judge.—Affidavit admitted to form part of the record.— D. A.—I also took, among others, the testimony of Celestino T. Pacheco which I also submit as evidence. Besides that I also have in my possession numberless other statements corroborating those already presented. This is the evidence which I submit to the court and which in my judgment is sufficient for keeping petitioner Julio Burgos Vazquez in custody without bail for the crime of murder.— Defense.—no objection.— Judge.—The testimony is admitted to form part of the record.— Defense.—Is that all of the evidence for the prosecution?— D.A.—I have that affidavit and I have in my possession more evidence corroborating wholly the testimony submitted.— Defense.—Which contradicts that evidence?— D.A.—No, that evidence is not contradicted; all of it is harmonious.— Defense.—The district attorney has said that all of his evidence is in harmony with this testimony?— D.A.—Yes.— Defense.—Did the district attorney examine the practitioner of the hospital in order to call him as witness?— D.A.—Your honor, I answered this question as a special matter; but I am going to object to this question in relation to the investigation that I am conducting, because I am not bound to present all of the investigation, in accordance with the Code of Criminal Procedure. The court has said that the district attorney in a *habeas corpus* proceeding may present a petition which justifies the imprisonment; but is not bound to disclose all of the evidence.— Judge.—The objection of the district attorney is sustained.— Defense.—Exception.— Judge.—Then the petitioner may argue his case.''

## The report of the physician reads in part as follows:

''I have the honor to submit to you the report of the autopsy held on the body of Cruz Pagan on February 21, 1928.

'' Corpse of an adult of about 25 years of age, white and of rather sallow complexion. It showed a bullet wound of entrance in the left intercostal region in the midclavicular line. The wound showed no mark of egress. Another bullet wound of entrance in the lower third of the left forearm with an orifice of egress two inches from the first wound. The ulna was fractured in this region. Both wounds showed powder marks. There was also an oval corrosion in the sixth intercostal space on the left and in the midclavicular line.

* * * * * * *

"*Cause of death:* Pneumonia caused by a leaden bullet. The lead was found in the dorsal part of the medullary canal."

And the declaration of the witness reads as follows:

"That Celestino T. Pacheco appeared today before the district attorney and after having been duly sworn in compliance with the law testified as follows:

"That his name is Celestino T. Pacheco, of age, married, property owner and resident of San Juan; that some time ago the witness recommended the sub-committee to Quesada and Quesada asked him if he knew Cruz Pagan and the witness answered in the affirmative, whereupon they left for the house of a woman called Rita Burgos . . . . that in the house of Rita Burgos . . . . Ricardo Salgado was trying to persuade Cruz Pagan to go to bed and go next day to the municipal court so that he would not have to surrender him; that while Cruz Pagan and Ricardo Salgado were standing there Julio Burgos appeared and said, everybody here get out, and fired twice at the group where Cruz Pagan and Ricardo Salgado were, wounding Cruz Pagan and Ricardo Salgado; that Julio Burgos fired twice; that at that moment no words of any kind passed between Cruz Pagan and Julio Burgos and Cruz Pagan did not provoke Julio Burgos at all, nor did Cruz Pagan make any move to attack Julio Burgos; that Cruz Pagan received two bullet wounds and was taken immediately to the Municipal Hospital where he died after three or four days; that these acts took place on February 16, 1928, in the municipality of San Juan, at about 11 p. m."

After the hearing the district court made the following order:

"This case having been heard on April 19, 1928, with the presence of attorneys Iriarte and Figueroa for the petitioner and district attorney Romani, being present in person the petitioner and the warden of the district jail, Andres Lugo; having considered the evidence submitted at the hearing by the district attorney and in view of the jurisprudence of the Supreme Court of Porto Rico in People v. Ortiz, 18 P.R.R. 803; Ex parte Caballero, 36 P.R.R. 60, and Ex parte Florentino Rodríguez, 36 P.R.R. 504, the court hereby denies in all of its parts the petition in *habeas corpus* made by the petitioner."

The petitioner appealed to this Supreme Court.

His attorneys filed a brief in which they analyze carefully the evidence examined. One of them argued in the same sense at the hearing on the appeal; but his efforts are shattered against the testimony of the ocular witness Pacheco. The acts therein explicitly imputed to the appellant contain all of the requisites of the law for the conclusion that he committed murder in the first degree. The accused is not being finally tried. Perhaps he may be able to destroy that testimony at the trial. The question to be decided is only whether or not the accused should remain in custody until he is tried. The district attorney, acting as a committing magistrate, submitted to the court the necessary evidence to sustain his order of imprisonment and his refusal to admit him to bail. In our opinion the order of the district court is in conformity with the law and the facts.

There only remains to be considered the possible effect of the refusal of the district attorney sustained by the court to answer a certain question asked by one of the attorneys of the petitioner.

In a case of this kind the district attorney is not obliged to present all of his evidence. However, we are inclined to believe that he should have answered the question put to him. He took the witness-stand voluntarily and from that moment he was submitted to cross-examination by the accused. No practice should be accepted which tends or may tend to establish unjustifiable privileges. The refusal of the district attorney weakened rather than strengthened his case.

Now, we think that the error, if any, is not prejudicial. Supposing that the district attorney had examined as a witness for the prosecution the practitioner of the hospital and that his testimony had tended somehow to favor the petitioner, there remained uncontroverted the testimony of ocular witness Pacheco, which is the basis of the order of imprisonment without bail. We repeat that the accused is not being tried. This is simply a transitory measure.

The appeal must be dismissed and the order appealed from affirmed.

Justices Wolf and Hutchison concurred in the judgment.